If it pleases the Court, my name is Dowd-Glenn Ostland. I'm here on behalf of the appellant LaHunta Monroe and the Monroe marital community. Your Honors, there are four critical principles of well-settled law that are at work in this appeal, and they honestly cannot be disputed by the appellant. Counsel, could you please keep your voice up? I'm having difficulty hearing you. Thank you, Your Honor. Those four principles are, first, that the judgment entered by the trial court against the person over whom the court has no impersonum jurisdiction are absolutely void and are unenforceable as to such non-parties. Second, the void judgments do not become valid with the passage of time. Third, under Indiana law, the law that was applied in this case, when the judgment was entered, Indiana looked to the law of the state in which collection efforts would be had in order to determine the validity of the enforcement of the judgment in that state. And fourth, under Arizona law, as it existed when Mr. Gagin obtained his judgment, in fact, when he filed his lawsuit, to begin with, Arizona was a community property state. And under Arizona community property law, both the husband and the wife were required to be joined in the underlying action. I thought Arizona law was that the foreign judgment need not join the spouse, but the action in Arizona for dead on a judgment or whatever they call it now, I can't remember. The collection proceedings. The proceeding where a case is filed in Arizona to collect on the foreign judgment. I had thought that Arizona law was that at that time the spouse had to be joined in the Arizona action. Your Honor, I believe you're in error on that point. Arizona law that has had a chance to deal with this particular issue has consistently held that the wife needed to be joined in the foreign jurisdiction. The cases I think you're referring to, Okayama National Union versus Green and Alberta Securities versus Rockman, all dealt with situations where the judgment was entered before anybody was a resident of the state of Arizona. Arizona, according to the Green case, had absolutely no involvement in the case when the lawsuit was filed and the judgment was entered in New York. And so in those cases, Your Honor, where the judgment is entered originally against non-Arizona residents, still the process of due or still the principle of due process is applicable by the Arizona courts, and they require the joinder of the non-involved spouse in the collection proceedings. Does that mean that it doesn't mean then when you sue anybody in any state, you're going to have to join the spouse because you don't know if you're later going to discover property in Arizona or California. That's exactly the position that was taken in the Green case, Your Honor. They said that when Arizona had absolutely no involvement with the case at the beginning of the case, to require the judgment creditor or in this case the plaintiff to speculate that somebody might move to Arizona or might later find Arizona property was unreasonable and they were not going to require that. The facts, however, in this case are that Mr. and Mrs. Monroe were always residents of the state of Arizona. There's no question about that. They lived in the state of Arizona for years as married couples before the action was filed, before the lawsuit came into existence, before the judgment came into existence. So there's no speculation here. Mr. Gagin knew from the get-go that he was going to have to come to Arizona and try and collect his judgment because he knew that the Monroes were not Indiana residents. I don't know if you even could sue an Arizona spouse who otherwise had no personal liability in a non-community property state. But that's done all the time, Your Honor. All they have to do is go into the state. No, it isn't. In Alaska, I either never or almost never saw it because it's not a community property state. And I think the court would have dismissed the claims against the spouse who was not active in the breach of contract or tort or whatever it was. Your Honor, I've searched the record, and I suppose my opponent has as well. Not the record, but the cases. And I found no case where a wife in Arizona was joined specifically under the Arizona statute and the action as to the wife was dismissed. I have, however, found where the wife was. But the action wasn't under the Arizona statute. I think that's the difficulty. The action was a RICO action. Absolutely, Your Honor. So the action was not under the Arizona statute, and that's the point. And I concur with that. I thought the question was being asked before, though. Could the RICO action in Indiana, for example, that names the wife for purposes of satisfying 215 since she is an Arizona resident, could that part of it be dismissed because she wasn't involved? And the answer to that is no. I'm sure the answer to that is no. You might have a Rule 11 problem suing a person who had nothing to do with a RICO violation in a non-community property state for a RICO violation unless maybe you could prove and knew in advance that you could prove that the property that you sought was community property. Let's assume for a moment that you're correct on that, and let's go back to the principle that you asked me about at the very beginning, and that is doesn't Arizona law require the joiner of the non-involved spouse, at least in the collection proceedings in Arizona, where the underlying judgment was entered someplace else or other than Arizona? The answer to that question is yes. I think you're right that the answer to that question is yes. But that wasn't done in this case. She was never joined. She was never joined. When she moved to intervene, I think she moved to intervene and was denied, right? That's correct. Was it incumbent upon her to appeal at that time the denial of her motion to intervene? Absolutely not, Your Honor. Motions to intervene are not prerequisites to filing motions for Rule 60b-4 relief for a void judgment. A void judgment is a void judgment. It's void whenever it's discovered to be void, and the district court is required at that point in time to dismiss the judgment insofar as those peoples who have not been named or are properly served. This is a question of fundamental jurisdiction, and the Arizona statute requiring joiner is something that was well-known in Indiana and was something that was well-known nationally prior to the commencement of this suit. Vicks v. Johnson existed. C&J Travel came down, followed exactly the same thing. The principles of jurisdiction are very well laid out. You can't obtain a judgment that's valid and forcible against someone who has never been named or served. In Arizona, we are a community property state, and we have every right to be a community property state, and the community property laws of our state clearly establish that there is a requirement of joiner of both spouses. Unless you have additional questions of me at this point, Your Honors, I'd like to reserve the balance of my time. Thank you, counsel. Good morning. Joseph Gaste for the appellee, James Gagin. Mr. Gagin doesn't have a judgment against LaHunta Monroe. There's no reason to be talking about the Indiana court's personal jurisdiction over LaHunta Monroe because there's no judgment against her. No judgment was ever sought. No judgment was ever obtained. There's been no effort to execute the judgment against any separate and personal property of Mrs. Monroe. What Mr. Gagin does have is a valid racketeering judgment against James Monroe in a case that was filed in 1987, and he has a right to collect that judgment according to the Seventh Circuit's decision in Gagin v. Monroe. Why wouldn't you have to limit your collection efforts to his separate property? Because, for one thing, the Seventh Circuit held in Gagin v. Monroe that the Monroe community property is available for collection of this judgment. Despite the fact that Mrs. Monroe was not joined as a party. I don't see how that could preclude her since she was not a party to that action, was not served, and although she's in privity for some purposes, I have trouble seeing that she's in privity where it's an issue of protecting her property from her husband's debts. Well, it's not. Her interest in property. I understand your question. There's a sense in the appellant's brief that the community is a separate person and that the community has constitutional rights and the community has rights that have to be abided by. That's not the law of Arizona. Mr. Monroe has, under Arizona statutes, complete authority to dispose of any and all of the community property that belongs to the Monroes. Counsel, what about the Arizona statute, though, that requires joinder of the spouse in an effort to enforce judgments against the community property? That's an Arizona procedural statute. The Arizona courts have been clear that that's an Arizona procedural statute. This case was pending in a United States district court on a federal cause of action. Joinder is governed by the federal rules, not by Arizona rules. Counsel gives a plaintiff filing a suit in 1987 credit for much more prescience than he has. There is no way to know how the Monroes titled their property. There was no way to know whether all the property was separate, whether any of it was community property. So, Counsel, just so I understand your position, your position is that for purposes of collecting, enforcing the judgment, Arizona law allows the husband to have total control over the community assets, but the portion of the statute which requires that the spouse be a party doesn't apply. That's your argument? That's correct, Your Honor, because this is federal litigation. The judgment came to Arizona as a judgment. There was no requirement or ability to join Mrs. Monroe. Judge Kleinfeld asked a good question. How am I to join a non-liable spouse in a piece of litigation in the court in Indiana? Mrs. Monroe is not guilty of racketeering, as far as I'm aware. I can't allege against her that she's guilty of racketeering. So the theory of joining her must be on some common law basis. Well, I suppose what your opponent is suggesting is that the complaints say put her in as a defendant and then say the spouse is in as a defendant only because, you know, we're likely to be seeking community property in Arizona, and in order to do that the spouse has to be joined. And then Mrs. Monroe comes into the court when I do that and says, I haven't had any contact with the state of Indiana. The court has no jurisdiction over me. I don't need to answer this complaint and it should be dismissed. It then results that if I have a RICO case that involves a defendant from Arizona, despite RICO's provision for nationwide service of process and the ability to file the complaint in the jurisdiction where the plaintiff resides, every RICO case that involves an Arizona defendant will, therefore, have to be filed in the district court in Arizona. I think that elevates this Arizona procedural statute over important provisions in the RICO law. I was going to ask you about this Arizona process because it's not like suing on a judgment in another state. It's a certification proceeding. Correct. So you take your judgment from, was it Illinois or Indiana? United States District Court in the Northern District of Indiana. Indiana judgment, and you register it in Arizona, basically. Certified copy of the judgment to the clerk's office in the District of Arizona, along with the attendant papers, and then it becomes a judgment of the District of Arizona. Okay. Now, how do you join somebody in that process? I don't think you do. I think there's another alternative. Another alternative would be for a person having a judgment to bring it to Arizona and register it, even a federal judgment, register it under the Uniform Registration of Foreign Judgments Act. Now, that's in the Arizona state courts. That proceeding would trigger the application of this Arizona statute, this procedural statute that talks about joinder. In that kind of a proceeding, then it would be appropriate and perhaps necessary to join the spouse. But in this case, there isn't any joinder. This case comes to the District of Arizona as a judgment. It's not a case that's pending. There's no joinder to talk about. Well, in the certification statute, after registration, it shall be enforced as if it were a judgment of the district where it's been registered. That's correct. Okay. So you can tell a marshal to go out and start living, basically, I guess. I think that's correct. And Mrs. Monroe had an opportunity when this judgment was registered in March of 1995, she had an opportunity to come into the District of Arizona and ask for leave to intervene if she had rights that she thought should be protected. Meanwhile, she didn't move for intervention until the year 2001, September of 2001. Six years passed. In the interim, the Seventh Circuit Court of Appeals says that this plaintiff can recover this RICO judgment against this defendant, James Monroe, out of the community property of the Monroes. Mr. Monroe has authority to control and dispose of all of the Monroe community property. He has authority to bind the community. And in his conduct of the litigation, he did just that. He bound the community to this judgment, to satisfaction of this judgment. Counsel, how does one determine whether or not a rule is one of substance or procedure? The tests are stated in those Supreme Court cases that we read in law school. I think it's got to do with whether it's outcome determinative is one of the tests. In this case, the easiest way to tell is to read National Union v. Green, which says that this statute is an Arizona procedural statute that doesn't apply to cases that are pending in other jurisdictions. National Union, Oyakawa, and the Alberta Securities case all said that Arizona cannot impose upon jurisdictions outside of Arizona its requirement to join someone in order to have a valid judgment. Let me turn to a different issue. Do we have a final judgment in this case? I think we do not, Your Honor. There are proceedings pending against James Monroe in the district court. There are proceedings pending against Victor Schirra in the district court. Mrs. Monroe filed her petition for intervention. That was denied. She then moved to vacate the judgment. That was denied. She didn't obtain any certification under Rule 54B that the case should be immediately appealed. And I think under this Court's precedence, there is no final judgment. No. What's pending? Pardon me, Your Honor? What is pending? There are collection efforts pending against James Monroe. There are charging orders and receivers appointed against various entities. No, no, no. I mean, all these collection efforts, when there's no supersedious on a direct appeal, we hear all kinds of appeals when the judgment isn't stated and somebody may be trying to collect on it. I don't think we consider that to defeat our appeal. Is there a judgment? Is there a final judgment in this case? I didn't see a final judgment in the record. Has a final judgment been entered? Well, when the Indiana judgment was registered here, that's a final judgment. So this case started with a final judgment. I'm confused about something here. The procedure that I'm accustomed to is evidently different from the one that applies in Arizona. The procedure that I'm accustomed to is somebody has an Indiana judgment. They bring it to Alaska. They file an action in Alaska. It's a regular lawsuit, and the lawsuit says Richard Rowe is liable to John Doe on a judgment of another jurisdiction. Wherefore, the plaintiff demands judgment in Alaska for the same number of dollars. And then the court issues a judgment. It says judgment at the top, and it says Richard Rowe owes John Doe that number of dollars. And then collection procedures begin. Now, sometimes multiple people. There's Richard Rowe and also Sally Rowe, and the collection procedures have nothing to do with finality. Once there's a final judgment, collection may be against one, the other, both, neither. It has nothing to do with finality. It sounds to me as though you're describing a different procedure in Arizona where you don't sue on the judgment. Instead, you just take it to the recorder's office, and then you automatically have a judgment. Is that the way it works? In the United States District Courts, that's the way it works. Not all United States District Courts. You might want to just speak for the one in Arizona. In all United States District Courts. No, I was a United States District Court judge, and it did not work that way in Nevada. So was I. Well, there is a federal statute here. USC-1963 allows the registration of a judgment of one United States District Court in another district. And the procedure for doing that is, as I answered to Judge Canby, the certified copy of the judgment is registered and it becomes a judgment of that district court. That's a statutory procedure under 28 USC-1963. I think a lot of them are following state law without being ordered. That may be, Your Honor, but that's not this case. This case is a federal judgment registered in a federal court under a federal statute, not involving the kind of additional complaint and proceedings that you described. So there is no additional judgment, you're saying? That is the judgment that is final for purposes of this appeal? Well, no, it's the disposition of Mrs. Monroe's Rule 60B motion, which is the order appealed from. And I think that's the judgment that we look to to see if that was final for purposes of appeal. And why is that not final then? Because there are other parties in the case below. Is something being litigated below? What case below? In the District of Arizona, the judgment enforcement proceedings. They're post-judgment collection proceedings going on. That's correct. Well, that doesn't – I don't see where that affects finality of a judgment. I never heard of that. Well, it's – I mean, nobody else joined this Rule 60B motion, did they?  No one else did. Okay. My time is up. Thank you. Thank you. Thank you. Interesting. I never heard of it. A lot of things in this case. Your Honors, let me try and clear up and make clear what Arizona law is on this subject. I'm quoting from the Alberta Securities v. Rockman case, which is in turn quoting from the Green, the National Union Fire Insurance Company. We held that a judgment rendered against one spouse in a non-community property jurisdiction may be enforced against the community property consistent with due process as long as, one, the obligation on which the foreign judgment was based would have been a community obligation if it had been incurred in Arizona, citing statutes, and, two, the non-defendant spouse is joined in the Arizona domestication action and has been given an opportunity to contend that the judgment is invalid. That did not happen in this case. See, now, that language may apply to an Arizona domestication action. It may not necessarily apply to a 1963 registration of a federal judgment in a federal district court. I don't know. Well, maybe we could read the Seventh Circuit case on the Shoeback case that's been cited in both briefs, where this very issue came up and the decision was made by the Seventh Circuit in that case that Arizona substantive law 25215D must be followed in order for the judgment to be enforceable in Arizona. The opposing counsel characterizes the pertinent statute as procedural. I understand that, Your Honor, and the Monroe-Gagin Seventh Circuit case that he cites also characterizes it as substantive. I confess that I'm a little confused on what substantive and procedural might be as well. My understanding was that substantive created rights. Procedural told you how you enforce those rights. Clearly, Arizona community property 25215D requires the joinder of both spouses, and that certainly sounds like a substantive right to me. Is there something in Arizona in the nature of a partition action? To partition Arizona community property between the husband and the wife? There are cases that expressly reject that opportunity. It cannot be done. As long as the community exists, the husband has an undivided one-half, well, he has an undivided whole, and the wife has an undivided whole, and a judgment creditor cannot force the partition that is existing Arizona law. Your Honor, the point that we keep trying to get to here is that Mrs. Monroe's property is in fact being taken. She owns 100 percent of the community property just like Mr. Monroe does. Her rights were required to be protected. Even in the cases that have been cited where they start off with people who had absolutely no contact with Arizona at the beginning, which is quite different than our case, due process required the joinder of the spouse at some point in the collection. Well, her property is being taken, but her husband could have taken all that property and spent it at the casino. We recently sent to you the Mazie case that has just been decided a few weeks ago by the Arizona Court of Appeals that requires the husband and the wife as well in the disposition of community property assets to recognize, honor, and follow the fiduciary responsibilities they have. Mr. Monroe could not have given away the property of the marital community. But, counsel, didn't that case involve some type of fraud? Fraudulent conveyances. Exactly. But if he were disposing of the property in satisfaction of a legitimate debt, that wouldn't meet the circumstances described in Mazie. Well, you've hit the key, Your Honor. Is the debt legitimate? Is it enforceable? Did the district court in Indiana have jurisdiction over it? Well, a court has said it's legitimate. So at least a court has said the debt is legitimate because there's been a judgment entered against the husband on the debt. I agree and disagree. The Seventh Circuit in Monroe-Gagin said the judgment is enforceable against Mr. Gagin. And with that prospect, I have absolutely no quarrel. Nothing contained within that Seventh Circuit decision, however, said that Mrs. Monroe was liable. They had no jurisdiction over her. But that doesn't make it fraudulent. That doesn't make it fraudulent if he uses the community property to satisfy a debt against him. How does that make it fraudulent? It doesn't, Your Honor. But it does make it void if the court that entered the underlying judgment had no jurisdiction to enter it in the first place. But then Mazie doesn't help you then if it's not a fraudulent conveyance. No, Mazie does help, and it does stand. You've identified a portion of it. The portion that deals with the fiduciary duty as a general proposition of Arizona community property law was not limited to Mazie. It was applied in Mazie, but it wasn't limited to Mazie. Unless you have other questions with me, my time has expired. Thank you, Counsel. Thank you, Your Honor. Gagin v. Monroe is submitted.
judges: Canby, Kleinfeld, Rawlinson